ERNESTO FERNANDO SCHLÜTER, recurrente, v. EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 758.—*Sometido:* Marzo 20, 1929. *Resuelto:* Abril 10, 1929.

E. *Campos del Toro,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Guayama una escritura otorgada por el már-

shal del distrito a favor de E. F. Schlüter por virtud de la cual el primero vendía al segundo cuatro fincas que el segundo había rematado por precio de $190, el registrador exigió de Schlüter que depositara en sellos de rentas internas la suma de $16 en vez de la de $3.75 que había depositado, porque a su juicio no debía tomarse, a los efectos de calcular los derechos de inscripción, como el justo valor de las fincas el precio del remate, sino otro que aparecía de la propia escritura. No conforme Schlüter interpuso el presente recurso gubernativo de acuerdo con la sección 24 de la ley asignando sueldos a los registradores, etc., de 1904, tal como quedó enmendada por la Ley No. 39 de 1928, Leyes de 1928, p. 233, que dice:

"Sección 24.—El importe de los derechos que el arancel señala por los diversos servicios, se depositarán en los sellos de rentas internas correspondientes, en la forma que esta Ley dispone, cuando se presente cualquier documento para ser inscrito o anotado o cuando se solicite cualquier certificación, y el registrador fijará y cancelará los correspondientes â los servicios que hubieren sido prestados y devolverá sin inutilizarlos al interesado los sellos que en su caso no fueren necesarios usar. Si resultare que al irse a practicar la operación en el registro se requiriese por el registrador mayor cantidad de derechos que la depositada en sellos por el interesado, el registrador requerirá al interesado para que deposite la diferencia y si éste no hiciere el depósito, dentro del término que duren los efectos del asiento de presentación, el registrador suspenderá la inscripción o anotación por medio de nota fundada que extenderá al margen del asiento de presentación. Esta nota durará ciento veinte días y de ella podrá recurrirse para ante el Tribunal Supremo utilizando el recurso establecido en la Ley sobre recursos contra las resoluciones de los registradores de la propiedad, aprobada en marzo 1 de 1902. Si la nota se revoca, el registrador procederá a inscribir o anotar el documento y si se confirma, el interesado para conseguir la inscripción o anotación deberá depositar la diferencia en sellos exigida por el registrador."

Para sostener su criterio invoca el recurrente el No. 7 de la sección 22, de la indicada ley de 1904, tal como fué en-

mendada por la Ley No. 32 de 1917, Leyes de 1917, Vol. II, p. 315, que dice:

"Para el efecto de graduar los honorarios, se entiende por valor de los que están gravados con hipotecas, el precio por el que se transmitan, más el que represente las hipotecas cuando queden subsistentes."

Contesta el registrador refiriéndose a todos los números de la sección y haciendo resaltar que en todas partes la ley habla del valor de las fincas y no del precio de la trasmisión.

Y así es en efecto. Comentando preceptos similares, dice Morell en el tomo 5, págs. 324 y 325 de su obra sobre Legislación Hipotecaria, en parte, lo que sigue:

"Como expresa el art. 343 de la Ley, el Registrador debe percibir sus honorarios, atendiendo al valor de las fincas o derechos que se transmitan o a que las operaciones que deban practicar se refieran. Al efecto, y según la regla general 7a. del Arancel, el Registrador debe en principio atenerse a lo que resulte del título respectivo, teniendo, no obstante, el derecho de comprobar si el valor que en el título figura es el verdadero.

"   *        *        *        *        *        *        *

"Ahora bien, el Registrador no tiene obligación de aceptar los valores fijados en los documentos por los interesados, puede comprobar esos valores, aun en las compraventas, excepción hecha de los contratos verificados previa subasta judicial en los que debe servir de base el importe del remate, como declaró la Resolución de 29 de marzo de 1889."

La resolución de la Dirección General de los Registros citada, en lo pertinente, expresa:

"  . . . segundo, que están sujetos a comprobación todos los contratos de compraventa, excepción hecha de los verificados previa subasta judicial, en los que debe fijar el Registrador sus honorarios, tomando como tipo el que hubiere servido para el remate; . . . "

¿Qué resulta en este caso del título? Aparece en efecto que el márshal vendió las cuatro fincas de que se trata por el precio de $190, pero aparece también del acta de subasta en él transcrita que tres de las fincas subastadas estaban

valoradas en $600, $1,400 y $4,500. Tomando como base esos valores hizo su cálculo provisional el registrador.

A este respecto parece conveniente transcribir lo. que sigue del alegato del registrador:

" . . . el registrador ignora la existencia de los gravámenes inscritos sobre los bienes a que se refiere el recurrente. No ha examinado aún el registro. Sólo ha tomado en consideración el documento. Sin embargo, si al examinarse el registro, el recurrido encontrase que los gravámenes existentes sobrepasan el VALOR confesado de los inmuebles, en tal cuantía que determine una alteración en los derechos hasta ahora calculados, entiende el recurrido que su deber será alterar el cálculo hecho y exigir la diferencia antes de inscribir."

El recurrente en su alegato sostiene que la finca por él adquirida lo fué sujeta a gravámenes "que exceden al valor que tienen los referidos bienes hoy en día."

Tal manifestación es demasiado general. Será muy fácil fijar con exactitud los gravámenes que aparezcan del registro y entónces hacer el cálculo definitivo teniéndolos en cuenta porque en verdad si se adquiere una finca gravada el valor de esa finca para el comprador sólo es el que resta después de deducidos los gravámenes, siguiendo el criterio sustentado por esta Corte en el caso de *Vilella* v. *Registrador,* 38 D.P.R. 987. Entre tanto, la actitud adoptada por el registrador, es la prudente.

Por virtud de todo lo expuesto se concluye que el registrador no está obligado a aceptar como la única base para calcular los derechos el precio del remate, existiendo como existe en el título otro muy superior, debiendo el registrador al hacer el cobro definitivo proceder a deducir del precio que ha fijado los gravámenes que puedan existir en el registro.

*Se confirma la nota recurrida.*

En Reconsideración, Junio 26, 1929.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

En este recurso gubernativo se confirmó la nota re-

currida pero expresándose al final de la opinión que el registrador debería deducir el valor de los gravámenes de la finca, a los efectos de fijar en definitiva los derechos de inscripción. Se citó el caso de *Vilella* v. *Registrador*, 38 D.P.R. 987.

En cuanto a la resolución de esta Corte fué comunicada al registrador, este funcionario solicitó que dicha manifestación final fuera reconsiderada por ser contraria a lo dispuesto en el númer 7 de la sección 22 de la Ley fijando sueldos a los registradores, tal como quedó enmendada por la Ley No. 32 de 1917 y por la No. 87 de 1925, a saber:

"Número 7.—Para el efecto de graduar los honorarios, se entiende por valor de las que están gravadas con hipotecas, el precio por el que se trasmitan, más el que representen las hipotecas cuando queden subsistentes; *Disponiéndose*, que cuando se divida en varias una finca gravada con hipotecas subsistentes, se entenderá por valor de dichas fincas divididas, el precio por el que se transmitan, más el que represente el importe de dichas hipotecas distribuido entre las mismas."

Tiene razón el registrador.

El citado caso de *Vilella Vélez* v. *Registrador, supra,* acaba de ser interpretado y aplicado por esta Corte en el de *Somohano* v. *Registrador,* decidido el 21 de junio actual, (*post*) así:

"En el caso de *Vilella Vélez* v. *El Registrador de Mayagüez,* 38 D.P.R. 987, resolvimos que la intención de la ley era que el comprador pagara sobre la base del precio realmente trasmitido, así como también por el valor de las hipotecas existentes, pero no estuvimos conformes en que debía resolverse que el precio de la compra incluyera el supuesto valor del terreno en el mercado, y que entonces se agregara el valor de las hipotecas, toda vez que tal procedimiento equivaldría a exigir que el comprador pagara honorarios dos veces sobre el valor de las hipotecas. En el presente caso el comprador tiene que pagar sobre la base del precio trasmitido y del valor de las hipotecas, que es lo equivalente del valor que se supone tenga el terreno en el mercado."

A virtud de lo expuesto, deben *reconsiderarse* los dos

párrafos finales de la opinión emitida el 10 de abril último y sustituirse por el precepto legal transcrito y los demás del arancel que sean aplicables, y la jurisprudencia sentada en los casos de Vilella Vélez y Somohano, *supra*.