VICENTE BALBÁS PEÑA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 904.—*Sometido:* Noviembre 22, 1933.   *Resuelto:* Noviembre 29, 1933.

*A. Marín Marién,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 24 de julio de 1933 el Márshal de la Corte de Distrito de San Juan otorgó escritura pública vendiendo a nombre de Enrique Germán Belosa una finca urbana, situada en Santurce, a la menor María de Lourdes Balbás Ortiz representada por su padre Vicente Balbás Peña. La venta se hizo en pública subasta en el procedimiento sumario hipotecario seguido por la dicha menor contra Belosa en ejecución de una hipoteca por $722.80 de principal y $150 más para costas, constituída sobre la finca vendida por su dueño Belosa a favor de la menor en garantía de un préstamo que ésta le hiciera por la indicada suma de $722.80. No hubo licitadores y la finca se adjudicó a la menor por $500 que se abonaron a su crédito.

Presentada la escritura para su inscripción en el registro, causó la nota recurrida, que dice:

"Suspendida la inscripción de este documento por no consignarse los correspondientes sellos de Rentas Internas, extendiéndose nota por 120 días al margen del asiento de presentación número 113, 'Diario doscientos dieciocho.''

El recurrente consignó $3 para satisfacer los derechos de inscripción por entender que el precio que debía tomarse en consideración para fijarlos era el de la adjudicación, a saber: $500. El registrador le exigió que consignara $4 porque a su juicio la suma que debía consignarse era la que sirvió de base a la ejecución: $722.80.

Explicando su posición dice el recurrido en su alegato:

"El punto a dilucidar es el importe de los derechos de inscripción.

"El Registrador invoca el número 5°. de la Sección 22 de la ley número 32 fijando sueldo a los Registradores de la Propiedad, del año 1917, en donde se dice: 'Por cada inscripción. . . Por cada finca o derecho "cuyo valor. . .' "

"En este caso el valor del derecho hipotecario que se ejecuta es el de $722.80, por lo que hay que consignar la cantidad de $4.00 de acuerdo con dicha sección.

"Vamos a dar algunos ejemplos en los que siempre hay que atenerse al valor del derecho que se enajena:

"Si A tiene inscrita una hipoteca a su favor por $700.00 y hace donación de ella a favor de B, ha sido práctica constante cobrar $4.00 por esa inscripción. El contrato es sin precio; pero el valor de la hipoteca es de $700.00.

"Si A tiene inscrita una hipoteca por $700.00 y la cede a B por $400.00, por $10.00 o por cualquier cantidad menor de $700.00, ha sido práctica constante cobrar $4.00 por esa inscripción, es decir, el valor del derecho que se trasmite.

"Si A; tiene una hipoteca inscrita a su favor por $700.00 y se recibe en pago de su deuda la finca hipotecada, ha sido práctica constante cobrar $4.00 por esa inscripción, o sea por el valor del derecho que se da en pago.

"Si A tiene una hipoteca por $700.00 y se ejecuta esa hipoteca y recibe en pago la finca en saldo total o en abono parcial de su deuda, ha sido práctica constante cobrar $4.00 por esa inscripción (valor del derecho ejecutado).

"Queremos advertir que adquirida una finca por A por precio de $700 y embargada en cobro de una deuda de $400.00 y vendida por esta suma en pública subasta, el Registrador se atiene a este precio de remate para cobrar esos derechos, ascendentes entonces a $3.00. Este caso es distinto al de la ejecución de una hipoteca en que se dice el valor del derecho ejecutado y hay que proceder de oficio a la cancelación de dicha hipoteca.

"Esta Hon. Corte ha sostenido este criterio en el caso de Schlüter vs. Registrador, 39 D.P.R. 462. Y advertimos que en el citado caso el Registrador exigió derechos arancelarios de acuerdo con el valor de la finca, mientras que nosotros, en este caso, los exigimos de acuerdo, solamente, con el valor del derecho ejecutado."

A nuestro juicio debe confirmarse la nota recurrida. La

práctica seguida es favorable a los adjudicatarios. Tratándose de una venta, lo que de acuerdo con la ley debería tomarse en consideración para fijar los derechos de su inscripción en el registro, debería ser el valor de la finca vendida que es generalmente mayor que el de la hipoteca ejecutada. Las ventas en pública subasta que tuvo en mente la Dirección General de los Registros al dictar su resolución de 29 de marzo de 1889, no fueron seguramente las hechas en adjudicación en pago del todo o parte del gravamen ejecutado en el pleito o procedimiento.

*Se declara el recurso sin lugar, confirmándose la nota recurrida.*

El Juez Asociado Señor Wolf disintió.*